UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
-------------------------------------------

ELAINE L. CHAO, Secretary of Labor,    :
United States Department of Labor,

                                       :

            Plaintiff,       :        Civil Action File

                                       :

            v.                         No. 03-2045 (HL)

                                       :

SINDICATO DE EQUIPO PESADO DE          **JUDGMENT AND ORDER**
PUERTO RICO,                 :

            Defendant.       :
-------------------------------------------

**WHEREAS**, pursuant to an Opinion and Order issued on July 13, 2004 and a Judgment entered on July 13, 2004, the defendant Sindicato de Equipo Pesado conducted an election for the office of President, under the supervision of the plaintiff Secretary of Labor; and

**WHEREAS** the plaintiff has filed a Certification of Election, certifying the name of the person elected to the office of President, conducted by the defendant Sindicato de Equipo Pesado in the supervised election, and further certifying that the supervised election was conducted in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481 et seq.), and in conformity with the Constitution and Bylaws of the defendant labor organization insofar as lawful and practicable;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the person named in the attached Certification of Election filed as aforesaid by the plaintiff, is the duly elected officer of

Sindicato de Equipo Pesado and they shall serve a term of office which shall expire on December 31, 2005.

DATED:    _____, 2005
          Hato Rey, Puerto Rico


                                        _____
                                        HONORABLE HECTOR LAFFITTE
                                        U.S. DISTRICT COURT JUDGE

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF PUERTO RICO**

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor
 Plaintiff

Civ. No. 03-2045 (HL)

v.

SINDICATO DE EQUIPO PESADO
DE PUERTO RICO
 Defendant

**CERTIFICATION OF ELECTION**

The election having been conducted in the above matter under the supervision of the United States Department of Labor, pursuant to an Opinion and Order issued July 13, 2004, and a Judgment entered July 13, 2004, in the United States District Court for the District of Puerto Rico, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481 et seq.) and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482 (c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidate has been duly elected to the office designated:

Jose Catala        President

Attached herewith is a declaration setting forth the protests concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of these protests.

Signed this _____27*th_____ day of December 2004.


John H. Heaney
Chief, Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
U. S. Department of Labor

DECLARATION OF JOHN H. HEANEY

I, John H. Heaney, am the Chief, Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor ("Department"). Pursuant to an Order dated July 13, 2004, of the United States District Court for the District of Puerto Rico, the Department supervised the election for the office of President of Sindicato de Equipo Pesado de Puerto Rico ("Sindicato"), a labor organization. The supervised election was held on October 31, 2004, and was conducted pursuant to the Labor-Management Reporting and Disclosure Act ("Act"), 29 U.S.C. §§ 481 - 484. Jesus Agosto ("complainant") was a candidate for the office of President. He filed pre-election complaints by letters dated August 23, 2004, October 15, 2004 and October 18, 2004. Each of the complainant's allegations is set forth below with an explanation for its dismissal.

The complainant alleged that the Election Supervisor required him to submit in writing the names of two members he wanted to serve on the Election Committee, but did not require his opponent, Jose Catala, to submit the information concerning his representatives in writing. The Department's investigation established that the Election Supervisor asked both candidates to bring two members each to the pre-election conference to represent them on the Election Committee. If those members could not attend, the Election Supervisor asked the candidates to provide the members' names, addresses and telephone numbers in writing. The complainant's two representatives and one of Catala's were present at the pre-election conference. Catala provided the information regarding his second representative in writing. This person, however, was not acceptable to the complainant, so Catala agreed to contact someone else and provide the necessary

information within a few days. At the first meeting of the Election Committee, held two days later, the complainant advised the Election Supervisor that his two representatives had resigned from the Election Committee, so he had two other members present as his representatives. The complainant had prepared letters providing their names, addresses and telephone numbers. Catala was not present, but his two representatives were in attendance at the meeting. Catala's second representative provided his name, address and telephone number verbally at the meeting to expedite the mailing of the Election Rules to all interested parties and the Election Committee members.

The Election Supervisor's request for written information was not a rule, only an effort to allow both candidates an opportunity to participate in the selection of the Election Committee members and to obtain accurate contact information. Catala's failure to provide the information precisely in the form requested by the election supervisor did not violate any provision of Sindicato's constitution or bylaws. *See* 29 U.S.C. § 481(e) ("The election shall be conducted in accordance with the constitution and bylaws of [the labor] organization.") There is no provision of the Act that requires written submission of contact information for proposed Election Committee members. *See* 29 U.S.C. § 481(a), (b), (c), (g). There was no violation of the Act.

The complainant alleged that it was not agreed upon at the pre-hearing conference that nominations would be accepted in writing. He further alleged that permitting written nominations was contrary to the Sindicato's rules, constitution and past practice. The Department's investigation established that during the pre-election conference, the submission of nominations in writing was discussed. The Election Supervisor informed the candidates and interested parties that a requirement that members must be present at

the nominations meeting in order to be nominated for office might be considered unreasonable in certain circumstances. Thus, it was decided during the pre-election conference that written nominations would be accepted and it was so stated on the nominations notice. Written nominations for the office of President were due September 17, 2004, two days before the nominations meeting. Each written nomination had to include the name of the nominee and the name of the nominator. In addition, nominations and self nominations for the office of President were accepted from the floor at the nominations meeting held on September 19, 2004. All candidates had to accept nominations either personally at the nominations meeting or in writing. The Election Committee, in conjunction with the Supervisor of Election, reviewed the union records to verify the eligibility of all nominees to run for and hold union office. The Department's investigation established that no written nominations were received and two nominations for the office of President were accepted from the floor at the nominations meeting. No nominations were rejected, and no individual who wished to make a nomination was unable to do so.

Under Section 401(e) Act, members must be given a "reasonable opportunity" to nominate candidates of their choice. 29 U.S.C. § 481(e). Section 401(e) of the Act further provides that the election shall be conducted in accordance with the union's constitution and bylaws insofar as they are not inconsistent with the provisions of the Act, including the requirement that members be given a reasonable opportunity to nominate candidates. *Id.* Article VI, Section 4, of the Equipo de Pesado Constitution and Bylaws states that every member has the right to nominate if his dues payments are up to

3

date. The constitution also provides, in Article XI, Section 1, that candidates will be nominated during the nominations meeting. The constitution and bylaws do not expressly prohibit written nominations. As such, it was not a violation of the constitution to permit written nominations in addition to nominations made during the meeting. Inasmuch as the union had the discretion under its constitution and bylaws to permit written nominations, the past practice and prior rules of the Sindicato are of no consequence. There was no violation of the Act. Furthermore, no candidates were nominated in writing and no member was unable to nominate a candidate because written nominations were permitted. Therefore, even if written nominations violated the Act, any such violation could not have affected the outcome of the election.

Finally, the complainant alleged that Catala campaigned at different work sites during business hours. Section 401(g) states that no moneys of an employer may be applied to promote the candidacy of any person in a covered election. 29 U.S.C. § 481(g). A candidate who campaigns to union members who are "on-the-clock" for an employer may violate this provision. The Department interviewed the witnesses identified by the complainant. The witnesses stated that while Catala campaigned at the work sites, he only campaigned during break times. There was no violation of the Act.

The Department has concluded from its investigation and analysis that no violation of Title IV of the Act occurred during the October 31, 2004, supervised election that may have affected the outcome of the election for President. The election held

4

pursuant thereto complied with the District Court's Order and no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of December 2004, in the City of Washington, District of Columbia.

John H. Heaney
Chief, Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

5